UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN TESTA, individually and doing business as MEAN FOLK, LLC, a Vermont Limited Liability Company,<br><br>Plaintiff,<br><br>-against-<br><br>DUVEL MOORTGAT USA, LTD, individually and doing business as BOULEVARD BREWING COMPANY, a New York Corporation; AARON DONTEZ YATES p/k/a TECH N9NE, individually and doing business as STRANGE MUSIC INC., a Missouri Corporation; and DOES 1 through 10,<br><br>Defendants. | Civil Action No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>3. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT<br><br><u>Jury Trial Demanded</u> |

Plaintiff, JONATHAN TESTA, individually and doing business as MEAN FOLK, LLC ("TESTA"), by and through the undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1

COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff TESTA is an individual residing in the State of Vermont and Mean Folk, LLC is a Vermont Limited Liability Company.

5. Plaintiff is informed and believes and thereon alleges that Defendant DUVEL MOORTGAT USA, LTD individually and doing business as BOULEVARD BREWING COMPANY (collectively, "BOULEVARD BREWING"), is a New York corporation with its principal place of business located at 21 Railroad Avenue, #32, Cooperstown, New York 13326, and is doing business in and with the State of New York.

6. Plaintiff is informed and believes and thereon alleges that Defendant AARON DONTEZ YATES professionally known as TECH N9NE, individually and doing business as STRANGE MUSIC INC. (collectively, "STRANGE MUSIC"), is an individual residing in the State of Missouri and STRANGE MUSIC INC. is a Missouri corporation with its principal place of business located 1250 Northeast Sloan Street, Lee's Summit, Missouri 64086, and is doing business in and with the State of New York.

7. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-4, inclusive, are manufacturers, and/or vendors (and/or agent or employee of manufacturers or vendors) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-4, inclusive, are presently unknown to Plaintiff, which

therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein, including but not limited to retail stores and others who have sold the garments at issue in this case. The true names, whether corporate, individual or otherwise, of Defendants 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN PLAINTIFF'S ARTWORK

10. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. Plaintiff allocated the design the name Pineapple Skull (hereinafter "Subject Design").

11. Subject Design is an original creation of Plaintiff and is, and at all relevant times, was owned exclusively by Plaintiff.

12. Plaintiff registered the Subject Design with the United States Copyright Office before the infringement at issue. Plaintiff owns U.S. Copyright Registration No. VAu-1-269-197, which covers the Subject Design.

13. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, STRANGE MUSIC and certain DOE Defendants created, sold, manufactured, caused to be manufactured, and distributed garments comprised of fabric featuring a design which is identical, or substantially similar, to the Subject Design (hereinafter "Subject Products") without Plaintiff's authorization. Such Subject Products include, but are not limited to, garments manufactured by or for and sold by STRANGE MUSIC and BOULEVARD BREWING COMPANY.

14. An image of the Subject Artwork and a non-inclusive exemplar of the Subject Products found on BOULEVARD BREWING COMPANY's online retail website and STRANGE MUSIC's Instagram is set forth hereinbelow:

| **Subject Artwork** | **Subject Product Exemplar:** |
|---|---|
|  |  |



## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

15. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, which has been widely featured in products worldwide in the form of patches, label pins, beanies, hats, socks, etc.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

5

COMPLAINT

18. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

20. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

21. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects

Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

24. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

27. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

28. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants'

profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

1. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;
2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504, 505 et seq.;
3. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;
4. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 504, 505 et seq.;

5. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;
6. That Plaintiff be awarded pre-judgment interest as allowed by law;
7. That Plaintiff be awarded the costs of this action; and
8. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 15, 2018     By:

Respectfully submitted,

Scott Alan Burroughs, Esq.
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590 – 1820
scott@donigerlawfirm.com
DONIGER / BURROUGHS
Attorneys for Plaintiff
JONATHAN TESTA, individually
and doing business as MEAN FOLK, LLC